IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| **v.** : | **CASE NO. 5:22-CR-09 (CAR)** |
| : | |
| **ROCHELLE OLIVER, a/k/a "Chelle"** : | |
| : | |
| **Defendant** : | |
| : | |

## AMENDED PRELIMINARY ORDER OF FORFEITURE

The United States' Preliminary Motion for Forfeiture of Property [Doc. 543] is hereby **GRANTED**. The Court's Preliminary Order of Forfeiture entered on January 2, 2024 [Doc. 506], is hereby **VACATED**, and this Amended Preliminary Order of Forfeiture is entered in its place.

WHEREAS, on September 8, 2023, Defendant Rochelle Oliver, a/k/a "Chelle" (hereinafter "Oliver" or "Defendant"), pled guilty to Count One of the Superseding Information charging her with Conspiracy to Possess with Intent to Distribute Controlled Substances, containing the presence of oxycodone, Schedule II narcotic, aided and abetted by others both known and unknown, in violation of Title 21, United States Code, Sections 841(a), 841(b)(1)(C) and 846;

AND WHEREAS, as part of the Plea Agreement, the Defendant consented to the forfeiture of certain property;

AND WHEREAS, the Superseding Information contained a detailed Forfeiture

1

Notice, pursuant to which the United States seeks forfeiture under Title 21, United States Code, Section 853, of specific property constituting, or derived from, any proceeds obtained, directly and indirectly, as a result of such offense(s), and any property, real or personal, used, or intended to be used in any manner or part to commit, or to facilitate the commission of, the offense(s);

AND WHEREAS, On January 2, 2024, this Court entered a Preliminary Order of Forfeiture pursuant to the Government's Motion and Memorandum for the Issuance of a Preliminary Order of Forfeiture;

AND WHEREAS, on February 14, 2024, the United States filed a Motion requesting the Court to enter an Amended Preliminary Order to correct the amount of the seized currency subject to forfeiture in this action;

AND WHEREAS, the Court has determined, based on the evidence already in the record, that (1) Defendant has an ownership interest in the following subject property; (2) that the following property is subject to forfeiture pursuant to 21 U.S.C. § 853; and (3) that the United States has established the requisite nexus between the aforesaid offense(s) and the following property, to wit:

**CURRENCY**

A. United States currency in the amount of one thousand, three hundred thirty-five dollars ($1,335.00).

**FIREARMS/MAGAZINES/AMMUNITION**

A. One (1) Springfield, Model: XDM, .40 caliber pistol, Serial Number: MG128235;

B. One (1) Romarm, Model: WASR-10, 7.62 caliber rifle, Serial Number: PU-1447-85;

C. One (1) Ithaca, Model: 37, 12 gauge shotgun, Serial Number: 371690279;

D. One (1) Smith & Wesson, Model: SD40, .40 caliber pistol, Serial Number: FZD4184;

E. One (1) Rohm GMBH, Model: RG38, .38 caliber revolver with an obliterated serial number;

F. One (1) SCCY, Model: CPX-2, 9mm pistol, Serial Number: 300457;

G. One (1) 9mm magazine with approximately eight (8) rounds of ammunition;

H. One (1) round of 7.62x39 caliber ammunition;

I. One (1) round of Smith and Wesson .40 caliber ammunition;

J. Three (3) 5.54x45 magazines- two (2) empty and one (1) with approximately twenty-eight (28) rounds of .223 caliber ammunition;

K. One (1) box of approximately forty-three (43) rounds of Blazer 9mm ammunition;

L. Two (2) boxes of Remington .223 caliber ammunition;

M. One (1) magazine with approximately eight (8) rounds of .40 caliber ammunition;

N. One (1) Smith and Wesson handgun magazine; and

O. One (1) rifle magazine,

(hereinafter collectively referred to as the "subject property").

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.	The Court's Preliminary Order of Forfeiture entered on January 2, 2024, is hereby **VACATED**, and this Amended Preliminary Order of Forfeiture is entered in its place.

2.	Pursuant to 21 U.S.C. § 853, 18 U.S.C. § 3554, and Rule 32.2(b), Federal Rules of Criminal Procedure, the Court finds by a preponderance of the evidence that the United States has demonstrated the required nexus between the subject property and the offense(s) of conviction, and the subject property is hereby forfeited to the United States.

3.	Upon the entry of this Amended Order, in accordance with FED. R. CRIM. P. 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the subject property, and to conduct any discovery that may assist in identifying, locating or disposing of the subject property, and to commence any applicable proceeding to comply with statutes governing third-party rights, including giving notice of this Amended Order.

4.	The United States shall publish notice of the Amended Order and its intent to dispose of the subject property in such a manner as the United States Attorney General (or his designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

5.	Any person, other than the above-named Defendant, asserting a legal interest in the subject property must, within thirty (30) days after receipt of notice, or no later than sixty (60) days from the first day of publication on the official internet

government forfeiture site, *www.forfeiture.gov*, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. *853(n).

6. Pursuant to FED. R. CRIM. P. 32.2(b)(4), this Amended Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third-party files a timely claim, this Amended Order shall become the Final Order of Forfeiture, as provided by FED. R. CRIM. P. 32.2(c)(2).

7. Any petition filed by a third-party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the subject property, any additional facts supporting the petitioner's claim and the relief sought.

8. After the disposition of any motion filed under FED. R. CRIM. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. *853(n), for the filing of third-party petitions.

10. The Court shall retain jurisdiction to enforce this Amended Order, and to amend it as necessary, pursuant to FED. R. CRIM. P. 32.2(e).

**SO ORDERED**, this 9th day of April, 2024.

S/ C. Ashley Royal  
C. ASHLEY ROYAL, SENIOR JUDGE  
UNITED STATES DISTRICT COURT  
MIDDLE DISTRICT OF GEORGIA

PREPARED BY:

PETER D. LEARY
UNITED STATES ATTORNEY

*/s/ Michael P. Morrill*
MICHAEL PATRICK MORRILL
Assistant United States Attorney
Georgia Bar Number: 545410